IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN J. PARTIDA,             )
                               )
            Plaintiff,         )
                               )
    v.                         )      No.  07 C 3925
                               )
WILL COUNTY ADULT DETENTION    )
FACILITY, et al.,              )
                               )
            Defendants.        )

MEMORANDUM ORDER

Steven Partida ("Partida") has employed the form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by this District Court's Clerk's Office for use by prisoners, accompanying his Complaint with a Clerk's-Office-provided In Forma Pauperis Application ("Application") and a printout of transactions in his trust fund at Pinckneyville Correctional Center ("Pinkneyville," where he is now in custody) for the period from early January through May 21 of this year.  Although those filings trigger Partida's future obligation to pay the entire $350 filing fee in installments pursuant to 28 U.S.C. §1915,[1] his action must be dismissed for the reason explained here.

First, however, to Section 1915.  Because the modest deposits to Partida's trust fund account (all from the prison payroll) have averaged only $5.77 per month, the required initial payment under Section 1915(b)(1) is just $1.15.  Accordingly the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

authorities at Pinckneyville are ordered to remit that amount to the Clerk's Office forthwith, with that and all future payments to be identified with Partida's name and Case No. 07 C 3925 and to be addressed to:

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

After such payment the trust fund officer at Pinckneyville (or at any other correctional facility where Partida may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  To implement these requirements, the Clerk shall send a copy of this order to the Pinckneyville trust fund officer.

As for the Complaint itself, Partida has designated three nonsuable entities as defendants:  Will County Jail, Stateville Correctional Center and Pinckneyville.  That may perhaps be understandable because Partida asserts that he was the victim of a physical attack either by fellow inmate Juan Flores or by an unknown person.  But leaving that uncertainty aside (for example, if Flores were the assailant Partida clearly has no Section 1983

claim by reason of the attack itself), what is fatal to the Complaint and this action is Partida's acknowledged failure to have exhausted his administrative remedies (see 42 U.S.C. §1997e(a)).[2]

Accordingly the Complaint and this action are dismissed, as is authorized by Section 1915A(b)(1). As stated earlier, that does not eliminate Partida's obligation to pay the $350 filing fee in future installments.

                                                    */s/ Milton I. Shadur*
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: July 13, 2007

---

[2] That failure is not excused by Partida's assertion in Complaint ¶¶III.C and III.D that he does not know how to appeal a grievance because he is now serving his first prison sentence.