IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN J. PARTIDA,            )
                              )
            Plaintiff,        )
                              )
     v.                       )    No.  07 C 3925
                              )
WILL COUNTY ADULT DETENTION   )
FACILITY, et al.,             )
                              )
            Defendants.       )

## MEMORANDUM ORDER

This Court's July 13, 2007 memorandum order ("Order," a copy of which is attached) dismissed the self-prepared 42 U.S.C. §1983[1] Complaint filed by Steven Partida ("Partida") because of his acknowledged failure to have exhausted his administrative remedies as required by Section 1997e(a). Fully two months later Partida has submitted a handwritten "Motion to Appeal Decession" [sic]. But it is unclear exactly what relief Partida is seeking by that current filing, and:

> 1. If his intention is to appeal the entry of the Order to our Court of Appeals, his effort to do so clearly comes too late. Moreover, Partida's filing of such a notice of appeal would trigger his becoming liable for $455 in appellate filings fees, to be paid in future installments in the same way as identified in the Order--and it is certainly not clear that he wants that result.

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

2. If Partida seeks instead to have this Court reconsider its earlier ruling, that relief cannot be granted because he has still failed to address the flaw--his failure to exhaust administrative remedies--that formed the basis for the ruling. Instead what Partida has done is simply to repeat his underlying claim, something that this Court cannot consider unless and until he has complied with the exhaustion requirement.

Accordingly Partida's current motion, however it is read, must be and is denied. This Court will give Partida the benefit of the doubt by assuming that he is not pursuing the first alternative referred to above, so that he will not become liable for a second large set of filing fees.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2007

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN J. PARTIDA,           )
                             )
            Plaintiff,       )
                             )
    v.                       )    No.  07 C 3925
                             )
WILL COUNTY ADULT DETENTION  )
FACILITY, et al.,            )
                             )
            Defendants.      )

MEMORANDUM ORDER

Steven Partida ("Partida") has employed the form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by this District Court's Clerk's Office for use by prisoners, accompanying his Complaint with a Clerk's-Office-provided In Forma Pauperis Application ("Application") and a printout of transactions in his trust fund at Pinckneyville Correctional Center ("Pinkneyville," where he is now in custody) for the period from early January through May 21 of this year.  Although those filings trigger Partida's future obligation to pay the entire $350 filing fee in installments pursuant to 28 U.S.C. §1915,[2] his action must be dismissed for the reason explained here.

First, however, to Section 1915.  Because the modest deposits to Partida's trust fund account (all from the prison payroll) have averaged only $5.77 per month, the required initial

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

3

payment under Section 1915(b)(1) is just $1.15.  Accordingly the authorities at Pinckneyville are ordered to remit that amount to the Clerk's Office forthwith, with that and all future payments to be identified with Partida's name and Case No. 07 C 3925 and to be addressed to:

>	Office of the Clerk
>	United States District Court
>	219 South Dearborn Street
>	Chicago IL 60604

>	Attention:  Fiscal Department

After such payment the trust fund officer at Pinckneyville (or at any other correctional facility where Partida may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  To implement these requirements, the Clerk shall send a copy of this order to the Pinckneyville trust fund officer.

As for the Complaint itself, Partida has designated three nonsuable entities as defendants:  Will County Jail, Stateville Correctional Center and Pinckneyville.  That may perhaps be understandable because Partida asserts that he was the victim of a physical attack either by fellow inmate Juan Flores or by an unknown person.  But leaving that uncertainty aside (for example,

if Flores were the assailant Partida clearly has no Section 1983 claim by reason of the attack itself), what is fatal to the Complaint and this action is Partida's acknowledged failure to have exhausted his administrative remedies (see 42 U.S.C. §1997e(a)).[3]

Accordingly the Complaint and this action are dismissed, as is authorized by Section 1915A(b)(1). As stated earlier, that does not eliminate Partida's obligation to pay the $350 filing fee in future installments.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 13, 2007

---

[3] That failure is not excused by Partida's assertion in Complaint ¶¶III.C and III.D that he does not know how to appeal a grievance because he is now serving his first prison sentence.